UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:23-CV-592-M-BM

| | | |
|---|---|---|
| W.M.J.B., a minor, by and through his mother and natural guardian Ran Choi, and RAN CHOI, individually, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | **MOTION TO APPROVE SETTLEMENT OF THE CLAIMS OF THE MINOR W.M.J.B. ONLY** |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

COMES NOW W.M.J.B., a minor, by and through his mother and natural guardian Ran Choi, Plaintiff herein, and moves the Court for an Order approving the settlement of the claims of the minor W.M.J.B. **only**, for the following reasons and on the following terms:

1. The minor Plaintiff W.M.J.B. was born in 2020 to Ran Choi and her husband Joseph Bohn. He is currently a healthy 5-year-old boy.

2. On March 5, 2020 Plaintiff W.M.J.B. was circumcised by Capt. Cierrea R. Roach, M.D., an office of the United States Army, a branch of the government of the United States of America, the Defendant at Womack Army Medical Center ("WAMC").

3. In his Complaint, the Minor Plaintiff W.M.J.B., by and through his mother and natural guardian Ran Choi, claims that Capt. Cierrea R. Roach, M.D. was negligent in the performance of a circumcision upon him, that as a result of said negligence he suffered physical injuries and required hospitalization and medical attention.

1

4.      As a consequence of his injuries, the Minor Plaintiff required emergency medical treatment at WAMC and, due to significant bleeding, he was transferred to the University of North Carolina Children's Hospital at Chapel Hill ("UNCCH") for additional care and treatment.

5.      In addition to the foregoing, Plaintiff required pediatric urologic examinations and treatment at UNCCH, before attending a final visit to UNCCH on or about August 25, 2020.  The electronically signed medical record from the minor Plaintiff's August 25, 2020 visit to UNCCH includes a thorough description of the minor Plaintiff's injuries and his recovery from the injuries and reflects that no future medical attention is anticipated or necessary.  A redacted copy of the August 25, 2020 medical record from UNCCH is contemporaneously filed as **Exhibit A**.

6.      On February 23, 2022 W.M.J.B. by and through his mother and natural guardian served on the Department of the Army a Standard Form 95 as prescribed by the Department of Justice pursuant to 28 C.F.R. 14.2.  Receiving no response to the Standard Form 95, on October 20, 2023 Plaintiff commenced this action by the filing of his Complaint.

7.      The parties have exchanged written discovery, and the deposition of Capt. Roach has been taken.

8.      Plaintiff has disclosed a highly qualified expert who has opined that Capt. Roach was negligent in the performance of the circumcision, which resulted in injuries the Minor Plaintiff and required further medical care and treatment.

9.      Defendant United States of America has disclosed a highly qualified expert who has opined that Capt. Roach was not negligent, that the occurrence complained of was a known sequela of the procedure, and that the minor has suffered no permanent injuries as a result of the procedure.

2

10. After pre-trial discovery and negotiations, the Defendant United States of America has agreed to pay a settlement with a present cash value of Sixty Thousand Dollars ($60,000.00) as follows:

**Gross Settlement**

$60,000.00

**Attorney's Fees**

$15,000.00 (25% of $60,000.00 per FTCA, 28 U.S.C. §2678)

**Expenses**

$11,680.00

**Attorney's Fees and Expenses**

$15,000.00
$11,680.00
$26,680.00

**Net to Minor Plaintiff**

$60,000.00
$26,680.00
$33,320.00 to be used by the Defendant to purchase an annuity with the following payments

**Periodic Payments to Minor Plaintiff Post Age of Majority**

$16,350.00 paid as a lump sum on 02/24/2038
$16,350.00 paid as a lump sum on 02/24/2039
$16,350.00 paid as a lump sum on 02/24/2040
$16,350.00 paid as a lump sum on 02/24/2041
**$65,400.00** total of all future lump sum payments

The future payment amounts outlined in this section are guaranteed based upon a projected annuity purchase date of August 15, 2025. Any delay in funding the annuity may result in a delay of the payment dates or change in payment amounts that shall be recorded in the Stipulation for

3

Compromise and Settlement and Release, without the need to obtain an amended Order of Approval up to 180 days after original purchase date.

11. To fund the periodic payments set forth in paragraph 10 above, the Defendant will purchase an annuity contract or contracts from an annuity company or companies rated at least A by A. M. Best rating service. The annuity contract(s) being purchased pursuant to this Paragraph 11 will be owned solely and exclusively by the United States and will be purchased through Huver and Associates. The United States' only obligation with respect to any annuity contract purchased, and any annuity payments therefrom, is to purchase said contract. The United States will not guarantee or insure any of the annuity payments. The United States will be released from any and all obligations with respect to an annuity contract and annuity payments upon the purchase of said contract. Any annuity company that issues an annuity contract shall, at all times, have the sole obligation for making all annuity payments.

12. In the event of the death of W.M.J.B. during the Period Certain, the remaining payments shall be payable to the Estate of W.M.J.B., or to any death beneficiary designated by W.M.J.B. during his lifetime after the age of majority, provided that any such designation shall be in writing on a form acceptable to the United States and the annuity company.

13. All periodic payments set forth herein constitute damages on account of personal injury or sickness in a case involving physical injury or physical sickness within the meaning of Sections 104(a)(1) or (2) and 130(c) of the Internal Revenue of Code of 1986, as amended.

14. Based on the disputed liability, the above-stated settlement is in the best interests of the minor plaintiff and is fair and reasonable based on all of the circumstances.

15. The minor plaintiff's parents take no portion of the settlement for themselves.

16. There are no known liens against this settlement.

17.     In prosecuting this action, the attorneys for the Minor Plaintiff have incurred and advanced certain reasonable and necessary costs on behalf of the Minor Plaintiff which are set forth in **Exhibit B** and include filing fees, expert witness fees and reasonable deposition costs.

18.     A proposed Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677 (properly redacted) is attached hereto as **Exhibit C**.  If approved, the executed Stipulation will contain the full name of W.M.J.B. and his date of birth.

19.     This motion is brought on behalf of W.M.J.B. by his mother and natural guardian. If the court requires the appointment of a guardian ad litem, then W.M.J.B. and Ran Choi move that his mother, Ran Choi, be appointed his guardian ad litem by the Court.

WHEREFORE, W.M.J.B., a minor, by and through his mother and natural guardian Ran Choi respectfully moves this Honorable Court to grant its approval of this settlement and proposed distribution of funds as set forth in paragraph 10 above and approve the execution of the Stipulation attached hereto as Exhibit "B" by Ran Choi on behalf of the minor W.M.J.B. and upon such approval to dismiss W.M.J.B.'s claims with prejudice with each party to bear his, her, or its own costs.

So moved this 26th day of August, 2025.

/s/David J. Llewellyn
David J. Llewellyn
Law Office of David J. Llewellyn
3400 Peachtree Rd., NE, Suite 1603
Atlanta, GA  30326-1107
Telephone:  404-262-3343
Facsimile:  404-445-7752
Email:  david@llewellynlawfirm.com
Georgia Bar No. 455150
Special Appearance Attorney for Plaintiffs

5

/s/Jason M. Burton
Jason M. Burton
Burton Law Firm, PLLC
P. O. Box 17061
Raleigh, NC  27619
Telephone: (919) 325-6777
Facsimile: (984) 200-9424
Email:  jason@jmburtonlaw.com
NC Bar No. 42721
Local Civil Rule 83.1(d) Attorney for Plaintiffs

/s/William K. Goldfarb
William K. Goldfarb
The Law Offices of William K. Goldfarb
P. O. Box 3200
Monroe, NC  28111
Telephone: (704) 296-0055
Facsimile: (704)  296-0053
E-mail: wgoldfarb@wkg-law.com
N.C. State Bar No. 18194
Attorney for Plaintiffs

6

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the date noted below, I served the foregoing Motion to Approve Settlement of the Claims of the Minor W.M.J.B. Only on the following via electronic mail:

SHARON C. WILSON
Attorney for Defendant
Assistant United States Attorney
Civil Division
310 New Bern Avenue
Suite 800, Federal Building
Raleigh, NC 27601-1461
Telephone: (919) 856-4026
Facsimile: (919) 856-4821
E-mail: Sharon.Wilson2@usdoj.gov

This 26th day of August, 2025.

/s/David J. Llewellyn
David J. Llewellyn
Law Office of David J. Llewellyn
3400 Peachtree Rd., NE, Suite 1603
Atlanta, GA 30326-1107
Tel: 404-262-3343
Fax: 404-445-7752
Email: david@llewellynlawfirm.com
Georgia Bar No. 455150
Special Appearance Attorney for Plaintiffs

/s/Jason M. Burton
Jason M. Burton
Burton Law Firm, PLLC
P. O. Box 17061
Raleigh, NC 27619
Telephone: (919) 325-6777
Facsimile: (984) 200-9424
Email: jason@jmburtonlaw.com
NC Bar No. 42721
Local Civil Rule 83.1(d) Attorney for Plaintiffs

7